IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DREW KESSLER<br><br>vs<br><br>INTERSYSTEMS, INC.,<br>INTERSYSTEMS INTERNATIONAL, LLC,<br>ABC CORPORATIONS 1-10 | CIVIL ACTION<br><br>NO. |

**NOTICE OF REMOVAL OF DEFENDANT, INTERSYSTEMS INTERNATIONAL, LLC**

Defendant, InterSystems International, LLC, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the civil action captioned Drew Kessler v. InterSystems International, LLC, *et al*., that is currently pending in the Court of Common Pleas of Lancaster County, Pennsylvania under docket no. CI-22-01487 to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, Defendant, InterSystems International, LLC, states the following:

A.   **Plaintiff's Complaint**

1.   Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas of Lancaster County, docketed at no. CI-22-01487, on March 16, 2022. *See* Plaintiff's Complaint attached as **Exhibit A** and court dockets as **Exhibit B**.

2.   Plaintiff alleges that he is an adult individual residing on Water Street in Spring Grove, Pennsylvania. *See* Ex. A.

3.   Plaintiff named InterSystems, Inc., InterSystems International, LLC (which he refers to individually and collectively in the Complaint as "Defendant InterSystems"), and ABC Corporations 1-10 as defendants in his Complaint. *See* Ex. A, ¶¶ 4, 8.

1

4. Plaintiff alleges that Defendant, InterSystems, Inc., is a business entity with its principal place of business in Omaha, Nebraska, and Defendant, InterSystems International, LLC, is a business entity with its principal place of business in Omaha, Nebraska. *Id.*, ¶¶ 2, 3.

5. Defendants, ABC Corporations 1-10 are alleged to be unidentified fictitious defendants. *Id.*, ¶ 9.

6. Plaintiff alleges that on July 29, 2020, while working as an employee of Purdue Agribusiness at its facility in Marietta, Pennsylvania, he sustained, *inter alia*, a crush injury to his left arm while attempting to clear a jam in a defective sampler machine designed, manufactured, sold, repaired, distributed and/or otherwise supplied by the defendants. *Id.*, ¶¶ 6, 15, 17, 36-37.

**B.     This Notice of Removal is timely filed.**

7. Pursuant to 28 U.S.C. § 1446(b), in pertinent part, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,…".

8. Defendant, InterSystems International, LLC, received a copy of the Complaint on March 30, 2022.

9. This Notice of Removal is timely filed within 30 days of receipt of the Complaint by Defendant, InterSystems International, LLC. 28 U.S.C. § 1446(b).

**C.     This case is removed to the proper district court**

10. Pursuant to 28 U.S.C. §1441 (a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by a defendant to the district court for the district and division embracing the place where such action is pending.

11. Plaintiff filed his lawsuit in the Court of Common Pleas of Lancaster County, Pennsylvania.

12. The U.S. District Court for the Eastern District of Pennsylvania includes the county of Lancaster; therefore, this action is removed to the proper district court.

**D.   There is diversity of citizenship.**

13. Defendant, InterSystems International, LLC, bases this removal on diversity of citizenship pursuant to 28 U.S.C. § 1332, §1441 and §1446.

14. "[C]ourts must assess the citizenship of 'real and substantial parties to the controversy,' and need not determine the citizenship of 'nominal or formal parties[.]'" *Gentry v. Sikorsky Aircraft Corp.*, 383 F.Supp.3d 442, 450 (E.D. Pa. 2019) (quoting *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013)).

15. Plaintiff alleges that he resides in Pennsylvania; therefore, on information and belief, he is a citizen of the Commonwealth of Pennsylvania.

16. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. §1332(c)(1).

17. A limited liability company's citizenship is determined by the citizenship of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010).

18. Defendant, InterSystems International, LLC, is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 9575 N. 109th Avenue, Omaha, Nebraska. *See* Affidavit attached as **Exhibit C**.

19. Defendant, InterSystems International, LLC, is wholly owned by GSI LLC, a limited liability company organized under the laws of the state of Delaware with its principal place of business in Assumption, Illinois. *Id*.

20. GSI LLC is wholly owned by AGCO Corporation, a Delaware corporation with its principal place of business in Duluth, Georgia. *Id.*

21. Accordingly, Defendant, InterSystems International, LLC, is considered a citizen of Delaware, Georgia, Illinois, and Nebraska.

22. Defendant, InterSystems, Inc., is an inactive corporation; therefore, it is a nominal party. *Id.*; *see also* **Exhibit D**.

23. Nominal parties have "no actual interest in the outcome of the litigation[.]" *Gentry*, 383 F.Supp.3d at 450 (quoting *Johnson*, 724 F.3d at 359); *see also Bancorp, Inc. v. Yaron,* No. 14-7159, 2015 WL 4876330, at *2 (E.D. Pa. Aug. 14, 2015) (Nominal parties "tend to be formal parties without any stake in the outcome of the litigation, such as a now-extinct corporation that has been entirely dissolved into another, surviving corporation.")

24. Defendant, InterSystems, Inc., was dissolved in 2011 and is an inactive corporation. *See* Ex. C, Ex. D.

25. When it was an active corporation, it was incorporated under the laws of Nebraska with its principal office address of 16602 Central Green Blvd., Houston, TX 77032. *Id*.

26. As Defendant, InterSystems, Inc., has not existed since 2011, it is a nominal party that should be disregarded in determining diversity jurisdiction. *See Gentry* 383 F.Supp.3d at 451–52 (finding that a "now-extinct corporation" was a "quintessential nominal party" that should be disregarded "for purposes of establishing diversity jurisdiction" and for all other removal-related purposes.")

27. Pursuant to 28 U.S.C. 1441(b)(1), the citizenship of defendants, ABC 1-10, sued under fictitious names, shall be disregarded.

28. Accordingly, there is complete diversity as Plaintiff is a citizen of Pennsylvania and the actual party in interest, Defendant, InterSystems International, LLC, is a citizen of Delaware, Georgia, Illinois, and Nebraska.

**E.  The amount in controversy is met.**

29. In his Complaint, Plaintiff alleges that he "suffered the injuries set forth below, as well as compensable damages, many of which are permanent in nature, including but not limited to:

   a. Crush injury to his left arm, left hand and forearm, which caused an open displaced comminuted fracture of his left radius; left ulna; and an open fracture of the middle of left radius and left ulna, ultimately requiring surgery;
   b. Crush injuries to his forearm;
   c. Laceration to the ulnar aspect of the forearm;
   d. Deformity of left forearm;
   e. Loss of earnings and earning capacity, past and future;
   f. Great pain, suffering, scarring, disfigurement, and loss of enjoyment of life's pleasures, past and future; and
   g. Mental and emotional agitation and suffering."

*See*, Ex. A, ¶ 37

30. The *ad damnum* clauses of Plaintiff's Complaint seek damages in excess of the state arbitration limits of $50,000.00. *See* L.C.R.C.P. No. 1301; Ex. A.

31. Plaintiff filed this case as a "major jury" case in the state action, which provides for unlimited recovery. *Id.*

**F.  Plea for Removal**

32. This Court's jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332 insofar as "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between….citizens of different States." 28 U.S.C. §1332(a)(1).

33. A "notice of removal may assert the amount in controversy if the initial pleading seeks…a monetary judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. §1446(c)(2).

34. "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d. 661, 666 (3d. Cir. 2002).

35. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

36. As Plaintiff is a resident, and therefore believed to be a citizen, of Pennsylvania, and the actual party in interest, Defendant, InterSystems International, LLC, is not a citizen of Pennsylvania, there is diversity of citizenship pursuant to 28 U.S.C. §1332.

37. As Defendant, InterSystems, Inc., is an inactive corporation and nominal party, its citizenship is disregarded, and it is not required to consent to removal. *See Gentry*, 383 F.Supp.3d at 459 (quoting *Balazik v. City of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (consent to removal not required where the "non-joining defendant is an unknown or nominal party."); *see also Johnson*, 724 F.3d at 359, n.27 (Nominal defendant's "apparent failure to consent to removal also does not provide a basis for remand."); *N. Penn Water Auth. v. Bae Sys. Aerospace Elecs., Inc.*, No. 04-5030, 2005 WL 1279091, at *6 (E.D. Pa. May 25, 2005) (Defendant "is a nominal defendant and therefore it was unnecessary for [it] to join in the Notice of Removal.").

38. Based on the allegations in Plaintiff's Complaint, "any reasonable reading of the value of the rights being litigated in this matter" leads to the conclusion that the amount in controversy exceeds the jurisdictional limit of $75,000.00. *See*, *Werwinski, supra*.

39. The Court of Common Pleas of Lancaster County is located within the Eastern District of Pennsylvania; therefore, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

40. Written notice that this Notice of Removal is being filed with this Court is being given to Plaintiff and to the Court of Common Pleas of Lancaster County.

41. As there is complete diversity of citizenship, the amount in controversy is in excess of $75,000.00, and the procedural requirements for removal have been met, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, InterSystems, International, LLC, respectfully requests that this case that is currently pending in the Court of Common Pleas of Lancaster County under docket no. CI-22-01487, be removed to the United States District Court for the Eastern District of Pennsylvania for all further proceedings.

        Respectfully submitted,

        GERMAN, GALLAGHER & MURTAGH, P.C.

Date: April 28, 2022    BY:  */s/ Jacqueline E. Campbell*
        Jacob C. Lehman, Esquire
        Jacqueline E. Campbell, Esquire
        Attorneys for Defendant,
        InterSystems International, LLC
        PA ID Nos. 306808 / 306647
        200 S. Broad Street, Suite 500
        Philadelphia, PA 19102

        T: 215-545-7700
        F: 215-732-4182
        E: lehmanj@ggmfirm.com
          campbellj@ggmfirm.com