# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Lancaster County

**ENTERED AND FILED**
**PROTHONOTARY'S OFFICE**
**LANCASTER, PA**
*Electronically Filed*
Mar 16 2022 11:43AM
Ricci M. Dehl

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Bradley R. Smith | Intersystems, Inc. |

CI-22-01487

Are money damages requested? [X] Yes  [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

Is this a *Class Action Suit*? [ ] Yes [X] No

Is this an *MDJ Appeal*? [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Bradley R. Smith/Debra A. Jensen

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

| | |
|---|---|
| **GALFAND BERGER, LLP**<br>BY: Debra A. Jensen, Esq.<br>ID: 33598<br>BY: Bradley R. Smith, Esq.<br>ID: 321117<br>BY: Abigail R. de Uriarte, Esq.<br>ID: 329630<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-1600 | **NOTICE TO PLEAD**<br>**TO: All Defendants**<br>You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from the date of service hereof or a judgment may be entered against you.<br><br>_____<br>**Attorney for Plaintiff** |
| DREW KESSLER<br>178 N. Water Street<br>Spring Grove, Pennsylvania 17362<br><br>              Plaintiff<br>    vs.<br><br>INTERSYSTEMS, INC.<br>9575 N. 109th Ave.<br>Omaha, Nebraska 68142<br>            and<br>INTERSYSTEMS INTERNATIONAL,<br>LLC (t/a INTERSYSTEMS)<br>9575 N. 109th Ave.<br>Omaha, Nebraska 68142<br>            and<br>ABC CORPORATIONS 1-10<br><br>              Defendants | CI-22-01487<br><br>IN THE COURT OF COMMON PLEAS<br>LANCASTER COUNTY,<br>PENNSYLVANIA<br><br>CIVIL TRIAL DIVISION<br><br>NO.<br><br>**MAJOR JURY TRIAL DEMANDED**<br><br>**COMPLAINT – CIVIL ACTION** |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER, THIS

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
28 East Orange Street
Lancaster, Pennsylvania 17602
(717) 393-0737

## AVISO

Le han demandado en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

CI-22-01487

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS
Servicio De Referencia E Informacion Legal
28 East Orange Street
Lancaster, Pennsylvania 17602
(717) 393-0737

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

## COMPLAINT – CIVIL ACTION

1.  Plaintiff Drew Kessler is an adult individual who resides at 178 W. Water Street, Spring Grove, Pennsylvania 17362.

2.  InterSystems, Inc. is a business entity with its principal place of business at 9575 N. 109th Ave., Omaha, Nebraska 68142.

3.  InterSystems International, LLC (t/a "InterSystems") is a business entity with its principal place of business at 9575 N. 109th Ave., Omaha, Nebraska 68142.

4.  The term "Defendant InterSystems" as used hereinafter shall refer to Defendant InterSystems, Inc. and Defendant InterSystems International, LLC both individually and collectively.

5.  At all times relevant hereto, Defendant InterSystems was and is in the business of designing, manufacturing, selling, repairing, distributing, and otherwise supplying and working on industrial sampler machine systems that extract samples of free flowing materials.

6.  Defendant InterSystems designed, manufactured, sold, repaired, distributed, and/or otherwise supplied a defective sampler machine that fractured Plaintiff Drew Kessler's arm, as described more fully below.

7.  At all times relevant hereto, Defendant InterSystems acted by and through its agents, ostensible agents, servants, and/or employees, who in turn acted at all times in furtherance of InterSystems' business and in the course and scope of their employment.

8.  Defendants ABC Corporations 1-10 consist of the following entities whose actions or inactions may have directly caused the accident described herein:

    a.  entities involved in the business of designing, manufacturing, selling, repairing, distributing, and otherwise supplying and working on industrial sampler machine systems that extracts samples of free flowing materials.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

  b. entities that designed, manufactured, sold, repaired, distributed, and/or otherwise supplied a defective sampler machine that fractured Plaintiff Drew Kessler's arm, as described more fully below.

  c. other entities involved in the circumstances of the accident described below.

9. Pursuant to Pennsylvania Rule of Civil Procedure 2005, ABC Corporations 1-10 are currently unidentified fictitious defendants ABC Corporations where their actual name/identity is unknown despite a reasonable and diligent search.

10. Plaintiff reserves the right to amend this Complaint and name said unknown entities, as aforementioned, as Defendants pursuant to Pennsylvania Rules of Civil Procedure 1033 and 2005.

11. The allegations of this Complaint are stated against all Defendants, who at all times relevant hereto were acting individually and/or by and through their agents, servants, workmen, and employees, who were themselves acting within the course and scope of their agency and employment.

<u>Jurisdiction and Venue</u>

12. This cause of action arose in Pennsylvania as a result of an incident involving the subject sampler machine that was designed, manufactured, sold, distributed, marketed, and/or supplied by Defendant, whose tortious conduct directly led to this incident in Pennsylvania.

13. Venue is proper in Lancaster County as the injury event giving rise to this cause of action occurred in Lancaster County.

14. Defendant InterSystems and/or Defendants ABC Corporations sold and supplied the subject sampler directly to a business located in Lancaster County, Pennsylvania.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

Factual Background

15. At all times relevant hereto, Plaintiff Drew Kessler (hereinafter "Plaintiff") was an employee of Purdue Agribusiness and worked at its facility located at 1897 River Road, Marietta, PA 17547.

16. The subject sampler's nameplate indicated it was Model Number EBC24 10001CFH and Serial Number 07171033768.

CI-22-01487

17. On or about July 29, 2020, Plaintiff Kessler, while working in the normal course and scope of his employment at Purdue Agribusiness, was attempting to clear a jam in the subject sampler machine when the subject sampler machine's moving parts suddenly and unexpectedly oscillated, crushing Plaintiff's arm in the sampler machine.

18. Defendant InterSystems and/or Defendants ABC Corporations 1-10 designed, manufactured, built, sold, installed, and/or otherwise supplied the subject sampler machine to be used at the Purdue Agribusiness facility located at 1897 River Road, Marietta, PA 17547.

19. On the date of the incident, the subject sampler machine was without substantial change from the condition in which it was sold and placed into the stream of commerce by Defendant InterSystems and/or Defendants ABC Corporations 1-10.

20. The purpose of the subject sampler machine is to collect representative samples of granular materials from the end of a conveyor belt at the Purdue Agribusiness facility.

21. At all times relevant hereto, the subject sampler machine was used in a manner consistent with its intended and/or foreseeable uses by an intended and/or foreseeable user.

22. As part of his job, Plaintiff worked with equipment at the Purdue Agribusiness facility, including the subject sampler machine.

23. The subject sampler machine includes moving parts.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

24. The subject machine collects samples by having moving parts that rotate, oscillate, and/or traverse through the flow of granular materials to collect a sample.

25. On or about July 29, 2020, the subject sampler machine injured Plaintiff while he worked to clear a jam.

26. On or about July 29, 2020, Plaintiff was attempting to clear a jam in the subject sampler machine when the rotating, oscillating, and/or traversing dangerous and inadequately guarded parts unexpectedly moved and crushed his hand, resulting in severe injuries to his hand, arm, and forearm, as detailed more fully below.

27. The subject sampler machine pinned Plaintiff's hand inside the sampler machine for a period of several minutes resulting in severe injury.

28. At all times relevant hereto, Plaintiff exercised caution and due care on his behalf.

29. As designed, engineered, manufactured, sold, and/or supplied by the Defendants, the subject sampler machine permitted the subject sampler to operate while its hood was open.

30. As designed engineered, manufactured, sold, and/or supplied by the Defendants, the subject sampler was defective and posed a dangerous and unsafe risk of exposing operators/users, such as Plaintiff, to the hazard of being cut, crushed, pinned and/or otherwise injured by the subject sampler's dangerous, unguarded, rotating, oscillating, and/or traversing components.

31. The subject sampler machine was defective because it permitted users to access hazardous moving parts while the machine was in operation.

32. The subject sampler machine was defective because it failed to take appropriate measures to prevent users' body parts from coming into contact with the dangerous, unguarded, rotating, oscillating, and/or traversing components.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

33.     The subject sampler machine was defective because it failed to incorporate necessary safety features, including an interlock feature, to cut off power to the machine when the hood was open.

34.     The subject sampler machine was defective in design because the foreseeable risks of harm posed by the product design could have been reduced and/or eliminated by a feasible and reasonable alternative design.

35.     At all relevant times, Defendant InterSystems and/or Defendants ABC Corporations 1-10 knew or should have known that the hazards present on the subject sampler machine, including the crush hazard presented by moving parts, needed to be reduced or eliminated to the maximum extent reasonably possible.

36.     Plaintiff's injuries occurred as a direct result of the dangerous and defective subject sampler machine.

37.     As a direct and proximate result of Defendants' tortious misconduct and the defective nature of the subject sampler machine, Plaintiff Drew Kessler suffered the injuries set forth below, as well as compensable damages, many of which are permanent in nature, including but not limited to:

    a. Crush injury to his left arm, left hand and forearm, which caused an open displaced comminuted fracture of his left radius; left ulna; and an open fracture of middle of left radius and left ulna, ultimately requiring surgery;

    b. Crush injuries to his forearm;

    c. Laceration to the ulnar aspect of the forearm;

    d. Deformity of left forearm;

    e. Loss of earnings and earning capacity, past and future;

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

  f. Great pain, suffering, scarring, disfigurement, and loss of enjoyment of life's pleasures, past and future;

  g. Hospital and medical expenses, past and future; and

  h. Mental and emotional agitation and suffering.

## COUNT I – NEGLIGENCE
## PLAINTIFF DREW KESSLER v. INTERSYSTEMS, INC., INTERSYSTEMS INTERNATIONAL, LLC, AND ABC CORPORATIONS 1-10

38. Plaintiff incorporates the preceding paragraphs as though set forth fully herein.

39. Defendant InterSystems and Defendants ABC Corporations 1-10 having undertaken to design, manufacture, sell, and supply the subject sampler machine, knew or through the exercise of reasonable care, should have known, that said sampler machine was dangerous and unsafe for its intended and/or reasonably foreseeable uses and/or misuses and that such defect(s) would subject users to serious injuries.

40. Defendant InterSystems and Defendants ABC Corporations 1-10 had a duty to design, manufacture, sell, distribute, market, and supply the subject sampler machine with reasonable care.

41. Defendants breached those duties.

42. The injuries to Plaintiff were directly caused by Defendants' negligence and disregard for the safety of operators and users of its sampler machine.

43. The aforementioned negligence of Defendant InterSystems and Defendants ABC Corporations 1-10 with regard to supplying the subject sampler machine, consisted of the following acts and omissions:

  a. Failing to exercise reasonable care in designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine due to the rotating components that were not adequately protected against and were permitted to exist as designed by Defendant;

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

b. Failing to provide adequate safety devices, safeguards, and/or other safety measures to protect users from the sampler machine's moving parts;

c. Failing to interlock the sampler machine's hood to prevent access to moving parts;

d. Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine in a manner that placed users in a zone of danger when attempting to clear a jam;

e. Designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine in a defective and/or dangerous condition, in that it was not equipped with elements necessary to make it safe for use and/or contained elements making it unsafe for use;

f. Designing manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine without protecting against predictable and known hazards;

g. Failing to properly and adequately identify and eliminate or minimize to the fullest extent possible the risk of users being severely injured by the sampler machine's moving parts;

h. Designing manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine with exposed moving parts;

i. Failing to incorporate safety devices that would prevent user's from coming in contact with moving parts;

j. Failing to warn or improperly warning users of the subject sampler machine of the dangers and risks of injury, particularly with respect to the potential for crush injuries;

k. Failing to discover the defective, unsafe, and dangerous condition of the subject sampler machine;

l. Failing to eliminate, to the fullest extent possible, the risks of injury associated with the intended operation and use of the subject sampler machine; and

m. Failing to exercise reasonable care in designing, manufacturing, distributing, selling, marketing, and/or otherwise supplying the subject sampler machine, which it knew posed an unreasonable risk of causing physical harm to operators unless carefully made.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

44. The negligence of Defendant InterSystems and Defendants ABC Corporations 1-10 as set forth above caused, and/or increased the risk that Plaintiff would be caused to suffer, the injuries and damages he in fact did suffer, as set forth above.

WHEREFORE, Plaintiff Kessler demands Judgement against Defendant InterSystems and Defendants ABC Corporations 1-10 in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

CI-22-01487

### COUNT II – STRICT LIABILITY
### PLAINTIFF DREW KESSLER v. INTERSYSTEMS, INC., INTERSYSTEMS INTERNATIONAL, LLC, AND ABC CORPORATIONS 1-10

45. Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

46. Defendant InterSystems and Defendants ABC Corporations 1-10 designed, manufactured, sold, and supplied the subject machine in a defective condition due to the above-mentioned defects.

47. The defective condition of the subject machine made it unsafe for use.

48. Defendants are a supplier of the subject machine within the meaning of Section 402A of the Restatement (Second) of Torts.

49. Defendants are strictly liable to Plaintiff pursuant to Section 402A of the Restatement (Second) of Torts.

50. Defendants are strictly liable to Plaintiff for Plaintiff's injuries and damages, pursuant to Pennsylvania product liability law.

51. The subject machine was defective because it did not provide the safety features that an ordinary consumer would have expected it to have when used in a reasonably foreseeable manner.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

52. The subject machine was defective because a reasonable person would conclude that the probability and seriousness of harm caused by the subject machine outweighed the burden of taking precautions against such harm.

53. No substantial or material changes in the condition of the subject machine were made from the time it left Defendants' possession to the time of Plaintiff's injuries.

54. The subject machine was not equipped with every element necessary to make it safe for its reasonably foreseeable uses.

55. Alternatively, the subject machine malfunctioned as a result of a defective condition that existed at the time it left Defendants' control, thereby causing Plaintiff's injuries.

56. There are no other reasonable or secondary causes for Plaintiff's injuries other than those set forth above.

57. The defective condition of the subject machine supplied by Defendant InterSystems and Defendants ABC Corporations 1-10 was a direct and proximate cause of Plaintiff's injuries.

**WHEREFORE**, Plaintiff Kessler demands Judgement against Defendant InterSystems and Defendants ABC Corporations 1-10 in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

### COUNT III-BREACH OF WARRANTY
### PLAINTIFF v. INTERSYSTEMS INC., INTERSYSTEMS INTERNATIONAL, LLC AND ABC CORPORATIONS 1-10

58. Plaintiff hereby incorporates the preceding paragraphs as though set forth fully herein.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

59. On or before July 29, 2020, Defendants expressly represented or in some other manner expressed warranties that the subject machine and its component parts were safe for use and for the purposes intended and was of merchantable quality. These warranties, to the extent they were written, are not presently available to Plaintiff and therefore are not attached to this Complaint.

60. On or before July 29, 2020, Defendants represented or warranted by implication that the subject machine and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

61. On or before July 29, 2020, Defendants knew, or should have known, that the subject machine purchasers intended to use the subject machine in a manner consistent with its intended purpose of extracting samples from free flowing materials.

62. On or before July 29, 2020, the subject machine purchasers were relying on the machine manufacturing and designing expertise of the Defendants.

63. The representations set forth in the preceding paragraphs under this count formed part of the bargain for selling the subject product and were relied upon by the purchaser.

64. The above representations were intended to extend to users of the subject machine.

65. The above representations of Defendants were false in that the subject machine was not safe for its intended uses and was not of merchantable quality.

66. As a direct and proximate result of the aforementioned breach of warranties, Plaintiff sustained the injuries and damages set forth above.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Mar 16 2022 11:43AM
Ricci M. Dehl

**WHEREFORE**, Plaintiff Kessler demands Judgement against Defendant InterSystems and Defendants ABC Corporations 1-10 in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law, as well as interest and costs.

Respectfully submitted,

GALFAND BERGER, LLP

BY: _____
DEBRA A. JENSEN, ESQUIRE
BRADLEY R. SMITH, ESQUIRE
ABIGAIL DE URIARTE, ESQUIRE
*Attorneys for Plaintiff*

CI-22-01487

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

CI-22-01487

# VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S.A.§ 4904 relating to unsworn falsification to authorities.

_____
DREW MICHAEL KESSLER

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
\*\*\*Electronically Filed\*\*\*
Mar 16 2022 11:43AM
Ricci M. Dehl

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

CI-22-01487

Submitted by: Bradley R. Smith

Signature: *[signature]*

Name: Bradley R. Smith

Attorney No. (if applicable): 321117

Rev. 7/2018