UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DREW KESSLER, : 
          Plaintiff, :
 :
    v. :   5:22-cv-01648
 :
INTERSYSTEMS, INC., *et al.*, :
          Defendants. :
_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                            **August 10, 2022**
**United States District Judge**

**I.    INTRODUCTION**

On April 28, 2022, Defendant Intersystems International, LLC removed the present lawsuit from the Court of Common Pleas of Lancaster County. The initial state lawsuit was filed by Plaintiff Drew Kessler on March 16, 2022, against Intersystems International, LLC, Intersystems, Inc., and ABC Corporations 1-10.

On June 28, 2022, this Court noticed Kessler that proof of service on Intersystems, Inc. had not yet been filed. *See* ECF No. 8. The notice further indicated that, should Kessler fail to file proof of service by the ninety-day deadline set by Federal Rule of Civil Procedure 4(m), the Court may dismiss his claims as to Intersystems, Inc. *See id.* On July 29, 2022, having received no proof of service on Intersystems, Inc. and the deadline for service of process having expired, this Court issued an Order, directing Kessler to show cause why the matter should not be dismissed as to Intersystems, Inc. for failure to make proper service. *See* ECF No. 9. As of the date of this Opinion, Kessler has failed to respond to that Order. After balancing of the *Poulis*[1]

---

[1]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

factors set forth below, Kessler's claims against Intersystems, Inc. are dismissed, and Intersystems, Inc., only, is terminated as a Defendant to this action.

## II.   LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors.  See *Poulis*, 747 F.2d at 870.  These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

## III.   ANALYSIS

The first *Poulis* factor weighs neutrally because there is no indication of whether counsel or Kessler himself is responsible for the failure to effect proper service on Intersystems, Inc. under rule 4(m) or otherwise comply with the Court's Order.

The second factor weighs in favor of dismissal because the failure of Kessler to serve Intersystems, Inc. wholly frustrates and delays the resolution of this case.  See *Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction").  In the absence of proper service of process on Intersystems, Inc., the matter is effectively stalled indefinitely.

As to the third factor, Kessler has engaged in repeated delay with respect to his obligation to serve Intersystems, Inc. under Rule 4(m), in addition to a failure to meet his obligations to comply with this Court's Orders.  *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").  Since the removal of this action, Kessler has delayed service of Intersystems, Inc. and has similarly failed to comply with this Court's Order aimed at progressing the litigation as to that Defendant.

Regarding the fourth factor, because this Court has no explanation for Kessler's dilatoriness, it is unable to determine whether the conduct is in bad faith.  This factor is therefore neutral.

The fifth factor, the availability of alternative sanctions, weighs in favor of dismissal.  Other sanctions, including monetary sanctions, are not an appropriate alternative to dismissal under these circumstances.  Despite a notice from this Court and an Order of this Court, Kessler has indicated no intent to pursue his claims against Defendant Intersystems, Inc.  Accordingly, monetary sanctions would be ineffective.

The final factor, the merit of the claims at issue, weighs neutrally.  In the absence of service, Intersystems, Inc. has not entered an appearance or otherwise defended itself against the claims alleged in Kessler's Complaint.  Accordingly, there is no way of fairly adjudicating the merit value of these claims at this time.  Therefore, this factor is weighed neutrally.

## IV.   CONCLUSION

After weighing all the *Poulis* factors, this Court dismisses Kessler's claims against Intersystems, Inc., only.  Intersystems, Inc., only, is terminated as a party to this action.

A separate Order follows.

                                           BY THE COURT:

                                           */s/ Joseph F. Leeson, Jr.*
                                           JOSEPH F. LEESON, JR.
                                           United States District Judge